CHARLES F. BESSEY, Executor, in equity,

*vs.*

MARY A. COOK and others.

Waldo.     Opinion December 13, 1898.

*Equitable Attachment. Costs. R. S., c. 77, § 6, Par. X; Stat. 1889, c. 208; 1891, c. 53.*

The plaintiff having obtained judgment against the estate of the defendant's husband, who conveyed to her shortly before his death all of his property to enable her to settle his estate without expense of administration, brought a bill in equity under R. S., c. 77, § 6, to compel the application of a mortgage note, thus held by the defendant, to satisfy the judgment. *Held;* that the bill can be maintained.

If the defendant were allowed to deduct from the property thus received all the payments that she has made in settling the husband's estate, and retain the value of her dower in the land sold, the mortgage note would still remain assets in her hands belonging to her husband's estate that cannot be come at to be attached in an action at law.

No previous demand having been made, the plaintiff is not entitled to costs.

IN EQUITY. ON APPEAL.

Bill in equity, heard on bill, answers and proof. The presiding justice who heard the cause dismissed the bill with costs, and the plaintiff appealed from his decree. The bill was inserted in a writ and dated March 30, 1896.

## BILL.

To the Supreme Judicial Court. In Equity.

Charles F. Bessey, of Brooks, in the County of Waldo, and State of Maine, executor of the last will and testament of Prince Bessey, late of Thorndike, in said County of Waldo, deceased, complains against Mary A. Cook, of Newburg, in the County of Penobscot and State of Maine, Rufus E. Page, of Jackson, in said County of Waldo, and Willis F. Cook, of Frankfort, in said County of Waldo, administrator of the estate of Jesse H. Cook, late of Jackson, in said County of Waldo, deceased, and says:

First. That on the seventeenth day of April, A. D. 1891, said Jesse H. Cook, being then alive, was indebted, jointly with said Willis F. Cook, to Prince Bessey, the plaintiff's testator, in a large sum, for which the said Willis F. Cook, and Jesse H. Cook had given said Prince Bessey their promissory notes.

Second. That on the said 17th day of April, A. D. 1891, said Jesse H. Cook conveyed to his wife, said Mary A. Cook, all of his real estate and personal property of the value of one thousand dollars, and in consideration of said conveyance, said Mary A. Cook then promised the said Jesse H. Cook that she would pay all of his debts, and there was no other consideration for said conveyance.

Third. That said Jesse H. Cook died on the 11th day of June, A. D. 1891, and said Willis F. Cook was duly appointed and qualified as administrator of his estate on the second Tuesday of March, A. D. 1893.

Fourth. That said Prince Bessey died on the third of October, A. D. 1891, and plaintiff was duly appointed and qualified as executor of his last will and testament.

Fifth. That on the 30th day of April, A. D. 1895, the plaintiff as executor of the last will and testament of said Prince Bessey, deceased, recovered judgment in the Supreme Judicial Court,

within and for said County of Waldo, against said Willis F. Cook, and against the goods and estate which were of said Jesse H. Cook, deceased, for the sum of six hundred and eighty-three dollars and seventy cents, debt or damage, and fourteen dollars and seventeen cents, costs of suit, and that said judgment was recovered as aforesaid upon certain promissory notes which said Prince Bessey held against said Willis F. Cook, and Jesse H. Cook on said 17th day April, A. D. 1891.

Sixth. That said Mary A. Cook sold and conveyed said real estate and personal property, and no part of the same has come to the hands and possession of the administrator of the estate of said Jesse H. Cook and said Mary A. Cook has neglected and refused to pay plaintiff's said debt or any part thereof, and there is now due on said judgment the sum of five hundred dollars.

Seventh. That after the decease of said Jesse H. Cook, said Mary A. Cook conveyed the real estate which was conveyed to her as aforesaid by said Jesse H. Cook, to said Rufus E. Page, in exchange for a certain lot or parcel of land situated in said Jackson, bounded as follows, to wit: Beginning at a cedar post near the town well; thence by the road southerly about twelve rods to land owned by Ella Littlefield; thence westerly about twelve rods to land owned by Jonathan Ridley; thence northerly about twelve rods to land owned by Eliza Mason; thence easterly about twelve rods to the place of beginning, containing one hundred and forty-four square rods, more or less, with the buildings thereon standing, which said lot or parcel of land the said Rufus E. Page conveyed to said Mary A. Cook.

Eighth. That on the 28th day of February, A. D. 1895, said Mary A. Cook sold and conveyed said last described parcel of real estate to said Rufus E. Page, and on said day, took from said Rufus E. Page, in part payment therefor, his promissory notes for the sum of two hundred and fifty dollars, and as security for the payment of said notes, said Rufus E. Page, on said day, made, executed and delivered to said Mary A Cook, a mortgage of said real estate, said mortgage being recorded in Waldo Registry of Deeds, Book 241, Page 256.

Ninth. That said mortgage and notes are still held by said Mary A. Cook, and are still unpaid, and that they are a part of the proceeds of the property conveyed as aforesaid by said Jesse H. Cook to said Mary A. Cook on the seventeenth day of April, A. D. 1891.

Wherefore, plaintiff prays the decree of this honorable court:

1. That said mortgage and notes may be applied to the payment of his said debt.

2. That said Mary A. Cook may be ordered to assign and transfer said mortgage and notes to him in part payment of his said debt.

3. That said Rufus E. Page may be ordered to pay the amount due on said mortgage and notes to the plaintiff in part payment of his said debt.

4. That he may have such other and further relief in the premises as equity may require, and to your honors shall seem meet.

Dated this thirtieth day of March, A. D. 1896.

CHARLES F. BESSEY, Exr.

By R. F. Dunton, his Atty.

*R. F. Dunton*, Solicitor for plaintiff.

The answer of Mary A. Cook who says:

That on April 17, 1891 her husband Jesse H. Cook being sick unto death conveyed to her his personal property worth about $175 and his real estate worth about $600 it being understood that she was to pay his personal debts, his funeral expenses and the expenses of his last sickness. The purpose of this transaction was to save the trouble and expense of administration. That neither she nor her husband had any purpose to defraud any of his creditors.

That she did not know that her husband had signed notes to the plaintiff's testator to the amount of $2100. That if he did sign notes to that amount he signed as surety for Willis F. Cook.

That she did not promise to pay any of said notes. That the notes were the debt of Willis F. Cook given for a bond for a deed

of a farm which Willis F. Cook has left, and which farm is, and has been for more than two years in the possession of plaintiff.

That in an administration of her husband's estate if it had not been conveyed to her, she would have taken 1-3 of personal property, or the judge of probate would have allowed to her all of the personal property without regard to creditors, and that she would have had dower in the real estate worth $113.22.

That she has paid out in cash for her husband's burial, last sickness and his debts $525, being as she supposed all of his liabilities.

That one J. M. Larrabee made an unjust claim against her husband's estate and was about to administer.

That at her request the judge of probate appointed Willis F. Cook administrator in March, 1893. That the claim was referred and $12.25 allowed, which she paid with expenses of administration and reference. She further says that she was to expense and trouble in settling her husband's debts, and that she should be allowed what would be equal to the commissions of an administrator.

That she has used her own pension money to pay her husband's debts.

That she now holds one note of Rufus E. Page for one hundred dollars and interest, which note and interest in law and equity belongs to her.

Wherefore she prays judgment and for her costs.

> . MARY A. COOK,
> By her attorney W. H. McLellan.

The answer of Rufus E. Page admits that said Mary A. Cook conveyed to him on the 28th day of February, 1895, the real estate described in par. 7 of plaintiff's bill; and that he executed and delivered to her his promissory notes for two hundred and fifty dollars and a mortgage on said real estate to secure said notes, on which there is due one hundred dollars and interest from February 28, 1895 ; and that said Mary A. Cook stills holds said mortgage and note.

The bill was taken pro confesso as regards the other defendant, Willis F. Cook.

The plaintiff introduced testimony tending to show that on the seventeenth day of April, 1891, Jesse H. Cook, husband of the defendant Mary A. Cook, was indebted to plaintiff's testator, having signed notes with his son, Willis F. Cook, to the amount of twenty-one hundred dollars. These notes were given to Prince Bessey, the plaintiff's executor, for a bond for a deed of a farm in Jackson; the notes were not paid, and the plaintiff subsequently took the farm on account of failure to pay in accordance with the conditions of the bond. Mr. Bessey the plaintiff testified at the trial that the farm was worth from fifteen to seventeen hundred dollars, and this is the only testimony as to the value of the farm. The farm was not worth enough to pay the notes, and this plaintiff sued the administrator of the estate of Jesse H. Cook, and recovered judgment against said estate on the thirtieth day of April, 1895, for the sum of six hundred and eighty-three dollars and seventy cents debt, and fourteen dollars and seventeen cents costs of suit. At the date of this bill there was due on said judgment the sum of five hundred dollars.

On the seventeenth day of April, 1891, said Jesse H. Cook, being very sick and not expecting to live long, conveyed to his wife, Mary A. Cook, the defendant, all of his real estate, admitted by her to be worth six hundred dollars, and all of his personal property admitted by her to be worth one hundred and seventy-five dollars. This deed was made to enable the defendant, Mary A. Cook, to settle the estate of Jesse H. Cook without any administration, she promising to pay his debts and to have what there was left. She testified in her examination in the probate court that she promised to pay all of his debts, and in her answer she admits that she was to pay his personal debts, his funeral expenses, and the expenses of his last sickness. In her examination upon the stand, in this case, she says she made no promise to pay his debts, that there "wasn't a word said about paying debts," although she supposed that she would pay them.

From her testimony it appears that Mary A. Cook paid debts and funeral expenses of Jesse H. Cook, amounting to three hundred and fifty-six dollars and eighty-seven cents, and the plaintiff

claimed that according to her own figures, this leaves a balance of the property conveyed to her by Jesse H. Cook, in her hands, of more than four hundred dollars.

There is consequently no other creditor interested in the property which plaintiff is seeking to reach and apply towards the payment of his debts.

Thereupon the plaintiff claimed that one of two propositions must prevail and in either case that equity should apply the mortgage sought to be reached to the payment of this debt. Either Mrs. Cook promised to pay this debt, in which case this mortgage can be reached and applied as her property to the payment of a debt which she had made her own, or there was a mistake of fact in not considering this debt as a liability, in which case the conveyance is void, so far as the unexpended balance of the property conveyed to Mary A. Cook by Jesse H. Cook is concerned, in which case equity should apply this mortgage, as a part of the estate of Jesse H. Cook, to the payment of this debt as a debt against his estate. And the plaintiff further claimed that, taking Mrs. Cook's own valuation of the property conveyed to her by her husband, and allowing her all that she claims to have paid out for his debts and burial expenses, and allowing her all that she claims her right of dower to have been worth, there is considerably more of the property left in her hands, than the amount of the mortgage which plaintiff seeks to reach and apply to the payment of his debt.

On the other hand, the defendant, Mary A. Cook, claimed that in case of an administration, she would have taken one-third of the personal property, or the judge of probate would have allowed to her all of the personal property without regard to creditors, and that she would have had dower in the real estate worth one hundred and thirteen dollars and twenty-two cents.

*R. F. Dunton,* for plaintiff.

*W. H. McLellan,* for defendant Mary A. Cook and Willis F. Cook.

*W. P. Thompson,* for defendant Rufus E. Page.

SITTING: PETERS, C. J., HASKELL, WHITEHOUSE, WISWELL, SAVAGE, FOGLER, JJ.

HASKELL, J.    The plaintiff has judgment against the goods and estate which were of one Jesse H. Cook in the hands of his administrator.

The defendant, Mary A. Cook, is shown to have in her hands a certain note for $100, signed by Rufus E. Page, secured by a mortgage of said Page, dated February 28, 1895, recorded in Waldo Registry of Deeds, Book 441, Page 256, that is the remnant of the estate that her husband, Jesse H. Cook, conveyed to her shortly before his death, to enable her to settle the same without the expense of administration.    She has paid all the debts of the estate, except the debt to the plaintiff that was contingent at the time of the conveyance to her and of which she was ignorant.    If she be allowed to deduct from the property received all the payments that she has made therefrom, and retain the value of her dower in the land by her sold, the Page note and mortgage would still remain assets in her hands belonging to her husband's estate that cannot be come at to be attached in an action at law.

The plaintiff brings this bill to compel the application of said mortgage debt in satisfaction of his judgment, under the provisions of R. S., c. 77, § 6, as amended by acts of 1889, c. 208, and of 1891, c. 53, and is entitled to maintain the same; but, as the bill was brought without previous demand, the plaintiff should not recover costs.

*Bill sustained.    Decree below reversed.*